# **EXHIBIT C**

7/15/2021 2:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55392304
By: Terrylaine Cormier
Filed: 7/15/2021 2:50 PM

CAUSE NO. 2020-73308

| | | |
|---|---|---|
| KIMBERLY ANN GRIFFIN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| WALMART, INC., | § § | |
| *Defendant* | § § | 152ND JUDICIAL DISTRICT |

## JOINT STIPULATED CONFIDENTIALITY ORDER

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information during the discovery phase of this action that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in this matter will include references to documents and/or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents and/or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings;

IT IS HEREBY stipulated and made an Order of the Court that, until this Stipulated Confidentiality Order is amended or superseded, all parties and their employees who are provided with Confidential Information (as hereinafter defined) shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or

related actions or proceedings.

A. Scope.

1. This Order shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorney's Eyes Only" constitutes a trade secret or is in fact confidential.

B. Confidential Information.

1. Materials that contain sensitive information may be designated as "Confidential" or as "Confidential – Attorney's Eyes Only." The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information. Materials so designated are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential," "Confidential—Attorney's Eyes Only," or

identifying such documents by bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential – Attorney's Eyes Only" within ten (10) days after receipt of the transcript. Until the ten (10) day period has expired, the entire transcript shall be treated as Confidential Information. In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order.

C. Treatment of Confidential Information.

1. Except as otherwise provided in this or subsequent court orders, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

(a) The parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court and the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2. In the event that documents or testimony are designated as "Confidential—Attorney's Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f), C.1(g) and C.1(i). .

3. Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is

specifically recognized that information, which is marked "Confidential," shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

4. No person shall disclose Confidential Information to any third party, except as provided by this Order, without prior written notice of the specific disclosures and persons involved to the producing party and any other person or entity which claims the information is Confidential Information. Such disclosure shall not be made until the party seeking to disclose the document provides ten days written notice to the person or party claiming information is Confidential Information [note, this may not be the "producing party"] and (1) such party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within 10 days after receipt of notice of any intent to disclose.

5. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    (a) its own documents or information; and

    (b) documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings;

regardless of whether such document or information has been designated by the producing party as Confidential Information.

6. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order and may not be disclosed other than as provided by this Order. To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound to this order before any Confidential Information is disclosed.

7. No Confidential Information, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least five (5) business days before the intended use, written notice to all parties and any person claiming the information is Confidential Information, of its intent to use any information designated as Confidential Information. This pre-filing notice shall specify the specific information that the party intends to file with the Court, and will allow the other party's counsel time to seek a temporary or permanent sealing order, if desired pursuant to Rule 76a.

8. In the event of an emergency, a party seeking to file or use Confidential Information shall not file or use any such information but shall instead tender to the Court for *in camera* inspection the Confidential Information that it seeks to file and seek a ruling permitting the use of the material. During the pendency of a motion for protection or in the event of an emergency, the parties will treat Confidential Information in dispute as subject to this Confidentiality Order until the Court enters an order determining otherwise.

9. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

10. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all Confidential

Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

11. Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard by the Court upon motion by the objecting party. This Stipulated Confidentiality Order in no manner circumvents the requirements of Rule 76a of the Texas Rules of Civil Procedure. Any abuse of this Stipulated Confidentiality Order may result in sanctions/costs being taxed against the abusive party.

Dated: _____

STIPULATED AND AGREED TO:

THE LAW OFFICE OF NHAN NGUYEN

*/s/ Nhan Nguyen*
Nhan Nguyen
Texas Bar No. 24041589
Nhan@westlooplaw.com
John Major Spalding
Texas Bar No. 24110390
Jack.Spalding@westlooplaw.com
2500 West Loop South, Suite 340
Houston, Texas 77027
Telephone: 713/840-7200
Telecopier: 713/583-4155
**E-Service Email: eservice@westlooplaw.com**
**E-Service is only accepted at the above designated**
**e-Service email address**
ATTORNEYS FOR PLAINTIFF

MEHAFFYWEBER, P.C.

*/s/ Maryalyce Cox*

Maryalyce W. Cox
Texas Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002
Telephone: 713-655-1200
Fax: 713-655-0222
Maryalycecox@mehaffyweber.com
COUNSEL FOR DEFENDANTS

IT IS SO ORDERED this _____ day of _____, 2021.

Signed: *Robert K. Schaffer*
7/22/2021
JUDGE PRESIDING

Case No. 202073308      **DCORX**

| | | |
|---|---|---|
| GRIFFIN, KIMBERLY ANN | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| WALMART INC | * | 152nd JUDICIAL DISTRICT |

# SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 7/12/2021**    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**    **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 9/10/2021**    Experts for parties seeking affirmative relief.
**(b) 10/11/2021**    All other experts.

**3. 1/24/2022**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/7/2022**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/7/2022**    No-evidence motions for summary judgment may only be heard after this date.
**(b) 1/7/2022**    All dispositive motions or pleas must be heard.

**6. 12/10/2021**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/7/2022**    **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 2/7/2022**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED    Signed: 5/24/2021

*Robert K. Schaffer* (signature)

WALMART INC

2

**ROBERT K. SCHAFFER**
**JUDGE, 152ND DISTRICT COURT**
Date Generated: 5/21/2021    JCVO02

Case No. 202073308     **DCORX**

GRIFFIN, KIMBERLY ANN     IN THE DISTRICT COURT OF

vs.     HARRIS COUNTY, TEXAS

WALMART INC     152nd JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 7/12/2021**     **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. <u>The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.</u>

**2.**     **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 9/10/2021**     Experts for parties seeking affirmative relief.
**(b) 10/11/2021**     All other experts.

**3. 1/24/2022**     **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/7/2022**     **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**     **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/7/2022**     No-evidence motions for summary judgment may only be heard after this date.
**(b) 1/7/2022**     All dispositive motions or pleas must be heard.

**6. 12/10/2021**     **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/7/2022**     **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**     **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . <u>Failure to appear will be grounds for dismissal for want of prosecution.</u>

**9. 2/7/2022**     **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 5/24/2021

MARYALYCE COX
500 DALLAS STREET, STE. 2800     24009203     **ROBERT K. SCHAFFER**
HOUSTON, TX 77002     **JUDGE, 152ND DISTRICT COURT**
Date Generated: 5/21/2021     JCVO02

Case No. 202073308

**DCORX**

GRIFFIN, KIMBERLY ANN

vs.

WALMART INC

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

152nd JUDICIAL DISTRICT

## SCHEDULING AND DOCKET CONTROL ORDER

The Court enters the following Order to control the schedule of this case. Unless otherwise specified, the following items must be completed by the dates listed below. If no date is listed, the item is governed by the Texas Rules of Civil Procedure.

**1. 7/12/2021**    **JOINDER.** All parties must be added and served, whether by amendment or third-party practice. The party causing the joinder must provide a copy of this Scheduling and Docket Control Order at the time of service to the joined party.

**2.**    **EXPERT WITNESS DESIGNATION.** Parties must designate expert witnesses and furnish the information set forth under Rule 194.2(f) as follows:

**(a) 9/10/2021**    Experts for parties seeking affirmative relief.
**(b) 10/11/2021**    All other experts.

**3. 1/24/2022**    **MEDIATION.** Parties must complete mediation. The parties' failure to mediate will not be grounds for continuance of trial.

**4. 1/7/2022**    **DISCOVERY.** Parties must complete all discovery. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period so that the deadline for responding will be within the discovery period.

**5.**    **DISPOSITIVE MOTIONS.** Parties must set for hearing all motions or pleas, that if granted by the Court would dispose of all or part of the case, as follows:

**(a) 1/7/2022**    No-evidence motions for summary judgment may only be heard after this date.
**(b) 1/7/2022**    All dispositive motions or pleas must be heard.

**6. 12/10/2021**    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony must be heard. This Order does not include exclusion based on Rule 193.6.

**7. 1/7/2022**    **PLEADINGS.** Parties must file all amendments and supplements to pleadings. This Order does not preclude the prompt filing of pleadings directly responsive to any timely filed pleadings.

**8.**    **DOCKET CALL.** Parties must be prepared to discuss all aspects of trial with the Court at TIME: . Failure to appear will be grounds for dismissal for want of prosecution.

**9. 2/7/2022**    **TRIAL.** This case is set for trial on this date. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 5/24/2021

NHAN HUYNH NGUYEN
2500 WEST LOOP SOUTH, SUITE 340
HOUSTON, TX 77027

24041589

**ROBERT K. SCHAFFER**
**JUDGE, 152ND DISTRICT COURT**
Date Generated: 5/21/2021

JCVO02